Scott G. Gratton
Zachary A. Hixson
BROWN LAW FIRM, P.C.
269 W. Front Street, Suite A
Missoula, MT 59802
Tel (406) 830-3248
Fax (406) 830-3745
sgratton@brownfirm.com
zhixson@brownfirm.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SKY BLUE CHEMICAL, INC. f/k/a SKY BLUE INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>QBE INSURANCE CORPORATION; and GENERAL CASUALTY COMPANY OF WISCONSIN,<br><br>Defendants. | Cause No. CV_____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Sky Blue Chemical, Inc. f/k/a Sky Blue Industries, Inc. ("Sky Blue"), by and through its attorneys, Brown Law Firm, P.C., files this Complaint for Declaratory Judgment against QBE Insurance Corporation and General Casualty Company of Wisconsin under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. This is an insurance coverage action whereby Sky Blue seeks

1

declaratory relief establishing QBE Insurance Corporation's and General Casualty Company of Wisconsin's duty to defend, and ultimately its duty to indemnify, Sky Blue in the Underlying Action. To Sky Blue's knowledge, neither QBE Insurance Corporation nor General Casualty Company of Wisconsin have filed a declaratory judgment action relating to the Underlying Action.

## PARTIES

1. Sky Blue is incorporated in Utah with principal place of business in Utah. Sky Blue is a citizen of Utah.

2. QBE Insurance Corporation ("QBE") is incorporated in Pennsylvania with principal place of business in Wisconsin. QBE is a corporation and a citizen of Pennsylvania and Wisconsin.

3. General Casualty Company of Wisconsin ("GCCW") is incorporated in Wisconsin with principal place of business in Wisconsin. GCCW is a corporation and is a citizen of Wisconsin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim and the property involved occurred in Flathead County, Montana.

6. An actual controversy over insurance coverage in accordance with 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

## FACTUAL BACKGROUND OF UNDERLYING ACTION

7. The facts alleged in this section are a summary of the relevant facts pleaded or known in the Underlying Action.

8. Flathead Municipal Airport Authority ("FMAA") commissioned a new tie-down area called an apron at Glacier Park International Airport ("GPIA") in Kalispell, Montana, which is located within the United States of America.

9. In August 2018 FMAA entered into a contract with JTL Group, Inc. d/b/a Knife River ("JTL") to pave new asphalt in the apron area of GPIA.

10. Magic Slide is a product that prevents hot asphalt from sticking to truck beds. Magic Slide is sometimes called a "bed release."

11. Magic Slide is 99.9% soy methyl ester, which is commonly known as biodiesel.

12. JTL used Magic Slide in its truck beds while performing its contract for FMAA at GPIA from September 10, 2018, to September 21, 2018.

13. JTL completed paving the apron at GPIA in September 2018.

14. The asphalt began to deteriorate, which has been described as "soft spots," "bleeding," or "blistering" of the asphalt.

15. Following an investigation into the asphalt damage, at least one Jacobs engineer evaluating the FMAA project sent an email on September 3, 2019, indicating that the airport "<u>noticed bleeding on the tie down area shortly after paving was completed in 2018</u>. No signs of [asphalt bleeding] occurring in 2017 area which is the same [asphalt] mix except for one spot." Exhibit 1-2 at 2.

16. FMAA requested JTL remedy the defective and deteriorating asphalt at GPIA.

17. JTL refused to remedy the deteriorating asphalt at GPIA.

18. For summary and clarity purposes by omitting crossclaims, the procedural and pleading posture of the Underlying Action is as follows:

   a. On July 16, 2021, FMAA sued JTL for negligence, breach of contract, and breach of warranties relating to the deteriorating asphalt;

   b. On October 20, 2021, JTL filed its Answer and Third-Party Complaint against Advanced Technology Products ("ATP") for negligence, products liability, and breach of warranties relating to the product Magic Slide causing the deteriorating asphalt; and

   c. Upstream manufacturers in the stream of distribution for the product Magic Slide were subsequently joined under Montana's upstream indemnification for products liability and contribution for

        negligence under MCA § 27-1-703 jurisprudence. The joined manufacturers of Magic Slide in the stream of distribution are: Pioneer Chemical Supply, LLC, Sky Blue, Dal Soglio, Inc., Holly-Frontier Corporation, and Cargill, Inc.

19. The Underlying Action is in its infancy and ongoing.

## INSURANCE BACKGROUND

20. All previous Paragraphs are incorporated as if fully reproduced herein.

21. Sky Blue purchased an insurance policy from QBE/GCCW.

22. QBE/GCCW issued a policy of insurance to Sky Blue with policy number CCI1264934 and policy period from March 6, 2018, to March 6, 2019. *See* Exhibit 1-1 ("QBE/GCCW Policy").

23. QBE/GCCW insured Sky Blue from March 6, 2018, to March 6, 2019.

24. The Underlying Action implicating Sky Blue's rights under the QBE/GCCW's Policy was filed in Montana's Eleventh Judicial District Court, Flathead County, Cause No. DV-21-779C.

25. In the Underlying Action JTL alleges the use of the product Magic Slide resulted in damage to the apron asphalt of Glacier Park International Airport.

26. Sky Blue is a chemical company in the stream of distribution for the product "Magic Slide."

27. JTL alleged it used the product Magic Slide as a "bed release" in September 2018 for the FMAA apron project during Sky Blue's policy period of March 6, 2018, to March 6, 2019.

28. Following an investigation, Jacobs engineers stated in an email the airport noticed bleeding "**shortly after paving was completed in 2018.**" *See* Exhibit 1-3 at 2.

29. The use of Magic Slide for paving at GPIA occurred in September 2018, which is in the QBE/GCCW policy period.

30. Property damage to the asphalt at GPIA began occurring within the policy period.

31. Sky Blue tendered the defense to QBE/GCCW first in September 2019, which QBE/GCCW denied as outside the policy period and closed the claim. *See* Exhibits 1-2 and 1-4.

32. QBE/GCCW did not respond to further inquiries requesting a defense.

33. QBE/GCCW has not contributed to a defense of Sky Blue in the Underlying Action.

34. QBE/GCCW did not issue a reservation of rights letter to Sky Blue prior to denying coverage to Sky Blue.

35. QBE/GCCW did not file a declaratory judgment action prior to denying coverage to Sky Blue.

36. Based on QBE/GCCW's failure to issue a reservation of rights and file a declaratory judgment action, QBE/GCCW is estopped from denying coverage under Montana law.

37. The rights and obligations under the QBE/GCCW Policy between the insured, Sky Blue, and the insurer, QBE/GCCW, including QBE/GCCW's duty to defend and indemnify Sky Blue, is the basis for this Complaint for Declaratory Judgment.

## **POLICY INFORMATION**

38. The QBE/GCCW Policy, attached as Exhibit 1-1, contains the following relevant provisions:

**SECTION 1- COVERAGES**
**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section III - limits Of Insurance; and
   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage C.
   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**
   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   (2) The "bodily injury" or "property damage" occurs during the policy period; and
   (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a

7

  listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
- c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.
- d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
  - (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
  - (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
  - (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.
- e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death
  resulting at any time from the "bodily injury".

**2. Exclusions**
This insurance does not apply to:

              . . .

**j. Damage To Property**
"Property damage" to:
- (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement,
- (2) restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
- (3) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;
- (4) Property loaned to you;
- (5) Personal property in the care, custody or control of the insured;
- (6) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
- (7) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (3)** and **(4)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section Ill - Limits Of Insurance.
Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

8

Paragraphs **(3), (4), (5)** and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.
Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

…

**SECTION V - DEFINITIONS**

…

4. "Coverage territory" means:
   **a.** The United States of America (incl ding its territories and possessions), Puerto Rico and Canada:
   **b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph a. above; or
   **c.** All other parts of the world if the Injury or damage arises out of:
      (1) Goods or products made or sold by you in the territory described in Paragraph a. above;
      (2) The activities of a person whose home is In the territory described in Paragraph a. above, but is away for a short time on your business; or
      (3) "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication; provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in Paragraph a. above or in a settlement we agree to.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

16. "Products-completed operations hazard":
a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of •your product" or "your work" except:
(1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
(a) When all of the work called for in your contract has been completed.
(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
(c} When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
b. Does not include "bodily injury" or "property damage" arising out of:
(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or
(3) Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products- completed operations are subject to the General Aggregate Limit.

17."Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
For the purposes of this insurance, electronic data is not tangible property.

## COUNT ONE
### Declaratory Judgment
### (Duty to Defend)

39. Sky Blue incorporates by reference the allegations set forth in Paragraphs 1 – 38 above.

40. An insurer has a duty to defend when a complaint alleging facts against the insured, if proven, would result in coverage.

41. Sky Blue is a product manufacturer in the stream of distribution for the product Magic Slide.

42. JTL used Magic Slide in the Coverage Territory

43. JTL used Magic Slide within the QBE/GCCW policy period.

44. The Underlying Action alleged an "occurrence" under the QBE/GCCW Policy because JTL used the product Magic Slide in September 2018 when performing its contract at GPIA, which resulted in property damage or physical injury.

10

45. Montana law defines Physical Injury in an insurance policy as a "physical and material alteration resulting in a detriment," which can occur when the injury did not manifest as long as it can be determined retroactively that an injury occurred during the policy period.

46. Following an investigation, the Jacobs' engineers stated the airport noticed property damage shortly after JTL completed paving in September 2018, which is within the QBE/GCCW policy period.

47. A Notice of Occurrence/Claim occurred in September 2019, in which QBE/GCCW was made aware of the potential occurrence. *See* Exhibit 1-2.

48. QBE/GCCW denied coverage on September 30, 2019. *See* Exhibit 1-3.

49. QBE/GCCW received the Jacobs' engineer report identifying "bleeding" in 2018. *See* Exhibit 1-3 at 2.

50. Under the QBE/GCCW policy, the property damage to the GPIA apron asphalt is deemed to have occurred upon the use of Magic Slide.

51. QBE/GCCW failed to provide a defense to Sky Blue under its duty to defend.

52. The Court should rule that QBE/GCCW owes a duty to defend its insured, Sky Blue, under the QBE/GCCW policy.

## COUNT TWO
## Declaratory Judgment
## (Duty to Indemnify)

53. Sky Blue incorporates by reference the allegations set forth in Paragraphs 1 – 52 above.

54. The duty to indemnify occurs when the facts proven create liability for the insured.

55. The QBE/GCCW Policy provided coverage for the alleged harm in the Underlying Action.

56. If the facts, including the facts reincorporated above, are proven, then QBE/GCCW must indemnify Sky Blue in the Underlying Action.

57. Upon proven facts, the Court should rule QBE/GCCW owes a duty to indemnify its insured, Sky Blue, under the QBE/GCCW policy.

## PRAYER FOR RELIEF

Sky Blue requests the following relief by way of declaratory judgment:

1. This Court fully and finally adjudge the rights of the parties under the QBE/GCCW Policy in accordance with Montana law declaring QBE/GCCW owes a duty to defend and indemnify Sky Blue for the Underlying Action;

2. Award reasonable attorney fees and costs to Sky Blue; and

3. For such other declaratory relief as this Court deems just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Sky Blue hereby requests a trial by jury of all issues so triable.

DATED this 1st day of August, 2023.

                                              BROWN LAW FIRM, P.C.

                                              By /s/ Scott G. Gratton
                                                  Scott G. Gratton